OPINION
{¶ 1} Appellant, Robin Strader, appeals a judgment of the Stark County Common Pleas Court, Juvenile Division, which terminated his parental rights with respect to his son, Xander Strader, and granted permanent custody of Xander to appellee, the Stark County Department of Job and Family Services (hereinafter "SCDJFS").
 STATEMENT OF FACTS AND CASE {¶ 2} Xander Strader was born on January 23, 2007, to Heather Lasorella and appellant. SCDJFS filed a complaint on April 13, 2007, alleging Xander to be a dependent and neglected child. On June 28, 2007, Xander was found to be a dependent child, and temporary custody was awarded to a maternal aunt with SCDJFS maintaining an order of protective supervision.
 {¶ 3} On October 10, 2007, SCDJFS received an order of temporary custody of Xander because the aunt no longer desired to maintain custody and placement of Xander. SCDJFS maintained custody of the child continuously from that date.
 {¶ 4} Appellant was arrested on April 16, 2007. He was convicted of Breaking and Entering and Receiving Stolen Property. Appellant was sentenced to 28 months incarceration. Appellant had prior convictions for carrying a concealed weapon, two petty thefts, and "a few trespassing." Tr. 19. He spent time in jail on these convictions. Id.
 {¶ 5} During his incarceration, appellant sent two pieces of mail to Xander: a drawing on his birthday and a Christmas card. Due to his incarceration, appellant did not visit with Xander during the pendency of the case and last saw him before SCDJFS *Page 3 
removed him from the home. Appellant contacted the caseworker, Tina Bossart, several times for updates about Xander.
 {¶ 6} Appellant's case plan included an assessment at Melymbrosia Associates, a parenting class at Goodwill Industries and establishing paternity. Appellant established paternity during his incarceration but did not complete the other elements of the case plan. He completed classes in Responsible Family Lifeskills and Dads 101 while in prison.
 {¶ 7} On September 11, 2008, SCDJFS filed a motion for permanent custody of Xander. The case was set for evidentiary hearing on October 7, 2008. On that date, Heather Lasorella entered into a written stipulation to the request for permanent custody. The hearing proceeded as to appellant's interest in the case.
 {¶ 8} Appellant testified at the hearing that he would be released from prison on October 25, 2008. He testified that he could begin work on the case plan at that time and planned to find a job. He intended to temporarily reside at a shelter and wasn't sure if children were permitted at the shelter.
 {¶ 9} Xander was one year old at the time of the hearing and living in a foster home. He has had surgery to correct crossed eyes and wears glasses, but has no other physical problems and no developmental, behavioral or psychological difficulties.
 {¶ 10} The court found that appellant had abandoned Xander by failing to have contact with the child for more than 90 days and that appellant could not remedy the problems which led to Xander's removal within a reasonable time. The court found that permanent custody was in Xander's best interests. The court granted the motion for permanent custody. Appellant assigns three errors on appeal: *Page 4 
 {¶ 11} "I. THE TRIAL COURT'S FINDING THAT APPELLANT ABANDONED HIS CHILD WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.
 {¶ 12} "II. THE JUDGMENT OF THE TRIAL COURT THAT THE MINOR CHILD CANNOT OR SHOULD NOT BE PLACED WITH APPELLANT WITHIN A REASONABLE AMOUNT OF TIME WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE.
 {¶ 13} "III. THE JUDGMENT OF THE TRIAL COURT THAT THE BEST INTERESTS OF THE MINOR CHILD WOULD BE SERVED BY THE GRANTING OF PERMANENT CUSTODY WAS AGAINST THE MANIFEST WEIGHT AND SUFFICIENCY OF THE EVIDENCE."
 I, II, III {¶ 14} Appellant's assignments of error all argue that the court's judgment was against the manifest weight of the evidence and shall be addressed together. In his first assignment of error, appellant argues that the finding that the child was abandoned was against the manifest weight of the evidence. In his second assignment of error, appellant argues that the finding that the child could not be placed with him within a reasonable amount of time was against the manifest weight of the evidence. In the final assignment of error, appellant argues that the finding that the best interest of the child would be served by granting permanent custody to SCDJFS was against the manifest weight of the evidence.
 {¶ 15} "Permanent Custody" is defined as "[a] legal status that vests in a public *Page 5 
children services agency or private child placing agency, all parental rights, duties and obligations, including the right to consent to adoption, and divests the natural parents or adoptive parents of all parental rights, privileges, and obligations, including all residual rights and obligations." R.C. Section 2151 .011.
 {¶ 16} A trial court's decision to grant permanent custody of a child must be supported by clear and convincing evidence. The Ohio Supreme Court has defined "clear and convincing evidence" as "[t]he measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty, as required beyond a reasonable doubt, as in criminal cases." Cross v. Ledford (1954), 161 Ohio St. 469,120 N.E.2d 118; In re: Adoption of Holcomb (1985), 18 Ohio St.3d 361,481 N.E.2d 613.
 {¶ 17} In reviewing whether the trial court based its decision upon clear and convincing evidence, "a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." State v.Schiebel (1990), 55 Ohio St.3d 71, 74, 564 N.E.2d 54, 60; See also,C.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279,376 N.E.2d 578. If the trial court's judgment is "supported by some competent, credible evidence going to all the essential elements of the case," a reviewing court may not reverse that judgment.Schiebel, 55 Ohio St.3d at 74, 564 N.E.2d 54.
 {¶ 18} Moreover, "an appellate court should not substitute its judgment for that of the trial court when there exists competent and credible evidence supporting the findings of fact and conclusions of law." Id. Issues relating to the credibility of witnesses *Page 6 
and the weight to be given the evidence are primarily for the trier of fact. As the court explained in Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 77, 80, 461 N.E.2d 1273:
 {¶ 19} "The underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony."
 {¶ 20} Deferring to the trial court on matters of credibility is "crucial in a child custody case, where there may be much evident in the parties' demeanor and attitude that does not translate to the record well." Davis v. Flickinger (1997), 77 Ohio St.3d 415, 419,674 N.E.2d 1159; see, also, In re: Christian, Athens App. No. 04CA10,2004-Ohio-3146; In re: C.W., Montgomery App. No. 20140, 2004-Ohio-2040.
 {¶ 21} Pursuant to 2151.414(B)(1), the court may grant permanent custody of a child to the movant if the court determines "that it is in the best interest of the child to grant permanent custody to the agency that filed the motion for permanent custody and that any of the following apply:
 {¶ 22} "(a) The child is not abandoned or orphaned, has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period, or has not been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two-month period if, as described in division (D)(1) of section 2151.413 of the Revised Code, the child was previously in the temporary custody of an equivalent *Page 7 
agency in another state, and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents.
 {¶ 23} "(b) The child is abandoned."
 {¶ 24} Abandonment is defined by R.C. 2151.011(C):
 {¶ 25} "For the purposes of this chapter, a child shall be presumed abandoned when the parents of the child have failed to visit or maintain contact with the child for more than ninety days, regardless of whether the parents resume contact with the child after that period of ninety days."
 {¶ 26} In the case at bar, the court made a finding that appellant abandoned Xander. Appellant argues that this finding is against the manifest weight of the evidence. Tina Bossart, the SCDJFS caseworker assigned to the case, testified that appellant sent the child two cards during the 18 month time period in which the case was pending. Tr. 12. She testified that there was a period of time in excess of ninety days in which appellant did not communicate with the child. Tr. 15. As the statute defines "abandonment" as failure to make contact for more than ninety days, the court's finding that appellant abandoned Xander is not against the manifest weight of the evidence.
 {¶ 27} Revised Code 2151.414(E) sets forth the factors a trial court must consider in determining whether a child cannot or should not be placed with a parent within a reasonable time. If the court finds, by clear and convincing evidence, the existence of any one of the following factors, "the court shall enter a finding that the child cannot be placed with [the] parent within a reasonable time or should not be placed with either parent": *Page 8 
 {¶ 28} "(1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parent to remedy the problem that initially caused the child to be placed outside the home, the parents have failed continuously and repeatedly to substantially remedy the conditions that caused the child to be placed outside the child's home. In determining whether the parents have substantially remedied the conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties. * * *
 {¶ 29} "(16) Any other factors the court considers relevant."
 {¶ 30} A trial court may base its decision that a child cannot or should not be placed with a parent within a reasonable time upon the existence of any one of the R.C. 2151.414(E) factors. The existence of one factor alone will support a finding that the child cannot be placed with the parent within a reasonable time. See In re: William S. (1996),75 Ohio St.3d 95, 661 N.E.2d 738; In re: Hurlow (Sept. 21, 1998), Gallia App. No. 98 CA 6; In re: Butcher (Apr. 10, 1991), Athens App. No. 1470.
 {¶ 31} Appellant argues that the court's finding that Xander could not be placed with him within a reasonable period of time is against the manifest weight of the evidence. He argues that upon his release from prison, which was scheduled for a few weeks after the hearing, he could begin working on his case plan, would find a job, and would find housing. He argues that he did what he could while in prison by establishing paternity and taking classes to help him parent Xander. *Page 9 
 {¶ 32} However, by his own admission, appellant intended to live at a shelter following his release from prison. Tr. 20. Appellant did not know if children were permitted at the shelter. Id. He had not seen the child since shortly before the child was removed from the home 18 months before the hearing. At the time of the hearing, he did not have employment or stable housing. While appellant demonstrated initiative in taking parenting classes while in prison, the court's finding that the child would not be able to be placed with appellant within a reasonable time is not against the manifest weight of the evidence.
 {¶ 33} The goal of any disposition of a child is a disposition which is in the best interest of the child. In re Baby Girl Baxter (1985),17 Ohio St.3d 229, 17 OBR 469, 479 N.E.2d 257. This must be the primary and overriding concern in any child custody case. In re Higby (1992), 81 Ohio App.3d 466, 611 N.E.2d 403.
 {¶ 34} Pursuant to R.C. 2151.414(D), in determining the best interest of a child, the court shall consider all relevant factors, including but not limited to the following:
 {¶ 35} "(1) the interaction and interrelationship of the child with the child's parents, siblings, relatives, foster care givers and out-of-home providers, and any other person who may significantly affect the child;
 {¶ 36} "(2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
 {¶ 37} "(3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999; *Page 10 
 {¶ 38} "(4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;***"
 {¶ 39} Appellant argues that the court's finding that permanent custody was in Xander's best interest is against the manifest weight of the evidence. He argues that Tina Bossart testified on cross-examination that appellant did have contact with Xander before his incarceration and she believed appellant loved the child. Tr. 27. Bossart further testified that in time, a bond could develop between appellant and Xander. Id.
 {¶ 40} However, the evidence also demonstrated that Xander has been out of appellant's care in excess of eighteen months, and appellant had not visited Xander due to his incarceration. Tr. 24-25. Bossart testified that Xander would not recognize appellant if he walked into the room. Tr. 27. Xander had resided in his current placement since October of 2007. Tr. 24. He has adjusted to life in this home, is the only child in this placement, and appears to be a happy baby. Id. The court's finding that permanent custody was in the best interest of the child was not against the manifest weight of the evidence. *Page 11 
 {¶ 41} The assignments of error are overruled.
 {¶ 42} The judgment of the Stark County Court of Common Pleas, Juvenile Division, is affirmed.
By: Edwards, J. Farmer, P.J. and Gwin, J. concur *Page 12 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Stark County Court of Common Pleas, Juvenile Division, is affirmed. Costs assessed to appellant. *Page 1